Edward M. Newburgh v. Commissioner.
Newburgh v. Commissioner
Docket No. 54182.
United States Tax Court
T.C. Memo 1956-268; 1956 Tax Ct. Memo LEXIS 26; 15 T.C.M. (CCH) 1403; T.C.M. (RIA) 56268; November 30, 1956
William G. Shea, Esq., for the petitioner. Frank V. Moran, Jr., Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency of $969.42 in petitioner's income tax for the year 1945. It results from the disallowance of certain capital losses in the amount of $1,443.82 by reason of respondent's application of the wash sales provisions. All of the facts have been stipulated and they are hereby found as follows: "1. The only issue before the Court is whether the sales by Edward M. Newburgh (hereinafter referred to as 'petitioner') of 300 shares of National Airlines stock on July 17, 1945 and 100 shares of National Airlines stock on August 14, 1945 resulted in wash sales within the meaning of section 118 of the Internal Revenue Code of 1939. "2. On June 27, 1945 petitioner *27 purchased 300 shares of National Airlines stock for $8,458.50. "3. On June 27, 1945 petitioner purchased an additional 200 shares of National Airlines stock for $5,689.12. "4. On July 17, 1945 petitioner sold the 300 shares of National Airlines stock which he purchased on June 27, 1945 (paragraph 1, supra) for $6,608.50. "5. On August 9, 1945 petitioner purchased an additional 100 shares of National Airlines stock for $2,243.06. "6. On August 14, 1945 petitioner sold 100 shares of National Airlines stock for $2,389.86. "7. On August 21, 1945 petitioner purchased an additional 100 shares of National Airlines stock for $2,280.66. "8. On August 21, 1945 petitioner sold 100 shares of National Airlines stock for $2,240.23." At the hearing petitioner's counsel stated: "* * * the only issue of fact concerns a question of a wash sale and the only issue is dates of sale and purchases of stock, and we have stipulated as to that." We are forced to assume that petitioner is not making any legal contention since no brief has been filed on his behalf; and it is impossible to see that there is any issue of fact in view of a stipulation supposedly containing all of the relevant factual *28 matter. Under the circumstances, we see no other possible conclusion than that respondent's determination must be sustained. If there are any pertinent facts missing from the stipulation it would merely mean that petitioner has failed to sustain his burden of showing them. And if there are any legal contentions flowing from those facts, they have not been presented to us. Decision will be entered for the respondent.